# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Gregory G. RIHN, Attorney at Law.

Supreme Court

*No. 86–1959–D. Filed April 9, 1987.*

(Also reported in 403 N.W.2d 38.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Gregory G. Rihn be publicly reprimanded for unprofessional conduct consisting of his use of his employer's funds for personal purposes and his misrepresentations to his employer concerning his actions. The referee also recommended that Attorney Rihn be required to pay the costs of this proceeding.

We determine that a public reprimand is appropriate discipline under the circumstances. Although an attorney's misappropriation of client funds in most

cases warrants the imposition of the most severe sanction, namely, license revocation, there are factors here which mitigate the gravity of Attorney Rihn's misconduct and, accordingly, the severity of the discipline to be imposed therefor.

Attorney Rihn was licensed to practice law in 1979 and practices in West Allis. He has not previously been the subject of a disciplinary proceeding. The referee is Attorney Rudolph P. Regez.

Attorney Rihn and the Board of Attorneys Professional Responsibility (Board) entered into a stipulation on the basis of which the referee made findings of fact and conclusions of law. In 1986, while serving as assistant city attorney for West Allis, Attorney Rihn used city funds in the amount of $45 to pay the fees for filing incorporation documents for a non-profit corporation of which he was agent and director. When asked to explain his use of those funds, he told the city attorney that the funds were used for city business, knowing that this was not true. Attorney Rihn subsequently misrepresented that, through inadvertence, he had interchanged a city check with a personal check in making the fee payments. Attorney Rihn subsequently resigned from his position with the city attorney's office. In August, 1986, he was charged in municipal court with one count of misconduct in public office and one count of theft by transfer of funds, to which he pleaded guilty and for which he was ordered to pay forfeitures amounting to approximately $800.

The referee concluded that Attorney Rihn's conduct in misusing city funds for private purposes without authority to do so constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4). The referee also concluded

that his misrepresentations to his employers concerning his actions constituted conduct involving deceit or misrepresentation, in violation of that same rule. The referee's recommendation for the imposition of a public reprimand was explicitly premised on the facts that Attorney Rihn has not previously been involved in a disciplinary proceeding and that he fully cooperated with the Board in its investigation of this matter and with the referee in the disciplinary proceeding.

By order of February 10, 1987, we ordered the parties to file briefs on the issue of the appropriateness of the recommended discipline with respect to Attorney Rihn's unprofessional conduct. In his brief, Attorney Rihn took the position that his misconduct did not concern questions of his professional competence but, rather, questions concerning his moral fitness and the need to protect the public from his misconduct. He pointed out that, following his conviction of the municipal ordinance violations, he brought this matter to the attention of the Board and stipulated to the facts. He argued that his prompt and consistent acknowledgment of wrongdoing and his cooperation with the Board demonstrated his acceptance of culpability, his desire to submit to correction and his resolve not to engage in further misconduct.

For its part, the Board asserted that a public reprimand is appropriate discipline because the amount of public funds that were misappropriated was relatively small, Attorney Rihn recognized his wrongdoing and replaced the funds before any investigation had been commenced and the legal action taken against him was based on municipal ordinance violations rather than on criminal charges. The Board also noted as mitigating factors Attorney Rihn's prompt replacement of the funds, his admission of

dishonest and deceitful conduct, his resignation of the position of assistant city attorney, his payment of a substantial penalty by way of forfeiture, the adverse publicity his conduct received, and his not having been previously disciplined.

We are persuaded that a public reprimand is appropriate to achieve the purposes of lawyer discipline in this matter. Our decision does not in any way lessen the seriousness of an attorney's misappropriation of the funds of another. Such conduct violates the basic element of an attorney's relationship with clients, employers and the public, namely, trust. A lawyer who cannot be trusted with the property of others over which he has control in the context of his professional relationship lacks the integrity essential to the practice of law. Here, however, there was an isolated incident, involving a small amount of money, and a prompt recognition of error and repayment. While serious, that misconduct does not require the suspension of Attorney Rihn's license; a public reprimand will suffice.

In accepting the recommendation for the imposition of a public reprimand here, we are guided by the referee's assessment of the degree of discipline needed to properly sanction Attorney Rihn's misconduct, to protect the public from further misconduct and to deter other attorneys from engaging in like misconduct. The referee had the opportunity to observe Attorney Rihn during the disciplinary proceeding and evaluate the factors presented in mitigation of the seriousness of the misconduct. Moreover, we note the Board did not oppose the imposition of the recommended discipline; indeed, it argued in support of it.

IT IS ORDERED that Attorney Gregory G. Rihn is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Gregory G. Rihn pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Gregory G. Rihn to practice law in Wisconsin shall be suspended until further order of the court.