IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Marcia D. WRIGHT, Attorney at Law.

Supreme Court

*No. 93–1215–D. Filed January 10, 1994.*

(Also reported in 509 N.W.2d 290.)

PER CURIAM.   *Attorney disciplinary proceeding; attorney's license revoked.*

The court reviews the recommendation of the referee that the license of Attorney Marcia D. Wright to practice law in Wisconsin be revoked as discipline for professional misconduct consisting of the conversion to her own use of $11,000 from an estate she had been retained to probate. During this proceeding, the court suspended her license to practice temporarily, upon motion of the Board of Attorneys Professional Responsibility, in response to Attorney Wright's having threatened to convert the remaining assets in the estate if a disciplinary proceeding were brought against her.

The court determines that the recommended discipline should be imposed here. The seriousness of Attorney Wright's misconduct in using her professional position to take for herself money belonging to a client warrants the most severe discipline—license revocation.

Attorney Wright was admitted to practice law in Wisconsin in 1989 and practiced in Milwaukee. She has not previously been the subject of a disciplinary proceeding.

Upon Attorney Wright's no contest plea to the Board's complaint, the referee, Attorney Jean DiMotto, found as follows. In January, 1992, Attorney Wright commenced the informal administration of an estate and was appointed personal representative. After depositing approximately $46,000 in cash assets of the estate into her trust account, Attorney Wright converted to her own use $10,946 of estate funds. It appears that Attorney Wright has not made restitution of any of the amounts she converted from the estate.

The referee concluded that Attorney Wright failed to hold a client's funds in trust, in violation of SCR 20:1.15(a),[1] committed a criminal act that reflects adversely on her honesty, trustworthiness and fitness

---

[1] SCR 20:1.15 provides:

**Safekeeping property.**

(a)   A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. . . .

as a lawyer, in violation of SCR 20:8.4(b), and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[2] As discipline for that misconduct, the referee recommended that the court revoke Attorney Wright's license to practice law, require her to make restitution to the estate in the amount of $10,946, plus interest from the date of each of the numerous conversions, and pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended discipline should be imposed as discipline for Attorney Wright's professional misconduct.

IT IS ORDERED that the license of Marcia D. Wright to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Marcia D. Wright make restitution as recommended by the referee in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Marcia D. Wright pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Marcia D. Wright comply with the provisions of SCR 22.26 concerning the

---

[2] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

duties of a person whose license to practice law in Wisconsin has been revoked.