IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Gregory G. H. RIHN, Attorney at Law.

Supreme Court

*No. 93–1881–D. Filed March 22, 1994.*

(Also reported in 513 N.W.2d 136.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Gregory G. H. Rihn to practice law in Wisconsin be suspended for three years as discipline for having converted to his own use fees belonging to the law firm with which he was associated. We determine that, based on prior disciplinary cases involving similar attorney misconduct, the appropriate discipline to impose for Attorney Rihn's misconduct is a two-year license suspension.

Attorney Rihn was admitted to practice law in Wisconsin in 1979 and practices in Milwaukee. In 1987, the court publicly reprimanded him for using $45 of city funds, while employed as assistant city attorney, to pay incorporation filing fees for an entity of which he was agent and director and for misrepresenting to the

city attorney that the funds were used for city business and that his payment was made inadvertently. *Disciplinary Proceedings Against Rihn,* 137 Wis. 2d 152, 403 N.W.2d 38.

Attorney Rihn admitted by answer the factual allegations of the complaint of the Board of Attorneys Professional Responsibility in this matter and the referee, Attorney Rose Marie Baron, made findings of fact accordingly. As a salaried employee of a law firm, Attorney Rihn accepted appointments from the State Public Defender and from the Federal Defender Program. It was agreed and understood by him and the law firm that he was to remit to the firm all fees obtained from those appointments.

In December, 1992, Attorney Rihn received a $2,410 check from the Federal Defender Program for his representation of a client. He endorsed and negotiated that check, retaining for himself $1,000 and turning the $1,410 balance over to the firm's bookkeeper. When the discrepancy between the amount he turned over and the amount of the check was discovered and the firm's attorneys confronted him, Attorney Rihn admitted that he had kept $1,000 of the fee for himself. Attorney Rihn's employment was then terminated. Attorney Rihn subsequently admitted to members of the firm that he also had retained $2,720 from a check issued by the State Public Defender for his representation of three clients. Attorney Rihn and the law firm agreed that he would make restitution and he has done so.

The referee concluded that Attorney Rihn's conversion of legal fees belonging to the law firm constituted conduct involving dishonesty, fraud, deceit

or misrepresentation, in violation of SCR 20:8.4(c).[1] As discipline for that misconduct, the referee recommended that Attorney Rihn's license to practice law be suspended for three years. The referee explicitly rejected the factors proffered by Attorney Rihn in mitigation of the severity of discipline to be imposed for his misconduct, including the restitution he made prior to the disciplinary hearing, the fact that he brought his conduct to the attention of the Board and cooperated in its investigation, his remorse, his community activity and the therapy and medication he voluntarily undertook. As to the latter, the referee found no evidence in the record to support Attorney Rihn's contention that circumstances led to clinical depression which caused him to take legal fees belonging to his employer.

We adopt the referee's findings of fact and conclusions of law and determine, consistent with discipline imposed in prior similar disciplinary proceedings, that Attorney Rihn's professional misconduct warrants a two-year license suspension.

IT IS ORDERED that the license of Gregory G. H. Rihn to practice law in Wisconsin is suspended for a period of two years, commencing April 18, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order Gregory G. H. Rihn pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs

---

[1] SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

within that time, the license of Gregory G. H. Rihn to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Gregory G. H. Rihn comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.