In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Lyle Paul SCHALLER, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Lyle Paul SCHALLER,
Respondent.

Supreme Court

*No. 2004AP2991–D. Decided May 5, 2006.*

2006 WI 40

(Also reported in 713 N.W.2d 105.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Attorney Lyle Paul Schaller's license to practice law in Wisconsin be suspended for two years for professional misconduct. The misconduct consists of conversion of funds while employed at his former law firm. Attorney Schaller also failed to report the conversion of funds as income on tax returns and engaged in the practice of law while his license was suspended for failure to pay bar dues. The referee recommended that Attorney Schaller be required to pay restitution and pay the costs of this proceeding which were $1032.15 as of December 19, 2005. In addition, the referee recommended that Attorney Schaller continue legal education while suspended and demonstrate an understanding of the seriousness of his misconduct as conditions for reinstatement.

¶ 2. We determine that the seriousness of Attorney Schaller's professional misconduct warrants the suspension of his license to practice law for a period of two years. We further accept the referee's recommendations for restitution, costs, legal education, and the need to demonstrate an understanding of the seriousness of his misconduct as a condition for reinstatement.

¶ 3. Attorney Lyle Paul Schaller was admitted to the practice of law in Wisconsin in 1996 and most recently practiced law in Cashton. He has not been previously disciplined. Although Attorney Schaller filed

67

an answer to the Office of Lawyer Regulation (OLR) complaint, there were no major factual disputes because Attorney Schaller agreed with all of the OLR's factual assertions, including converting monies delivered to his former law firm to his own personal use, failing to report the funds on his income tax returns, and engaging in the practice of law while his license was suspended. Because Attorney Schaller failed to subsequently appear and participate in these proceedings, the referee granted the OLR's motion for a default judgment. No appeal has been filed.

¶ 4.   The OLR's complaint alleged three counts of misconduct. Count One alleged that by converting monies that were delivered to his former law firm to his own personal use, Attorney Schaller engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c).[1] The complaint alleged that while working from his firm's satellite offices, Attorney Schaller hid receipt of certain client funds by utilizing the firm's billing system in several ways:

- Attorney Schaller would open a client file, but would not send the client a bill or would write off some of his time, so the client would not be able to see how the client's paid fee was applied;
- Attorney Schaller would create a client file, keep the fee paid directly to him by the client, and never write any time down for the file. When the file was ready to be closed, Attorney Schaller would write off a minimal amount on the particular file and the client would never receive a bill;

---

[1] SCR 20:8.4(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

- Attorney Schaller would create client files and not enter them into the firm's billing records, even though he had received a fee from the client.

¶ 5. Attorney Schaller's law firm discovered his scheme after a client called indicating his bill mistakenly showed only a $500 credit, as opposed to the $1000 fee he had paid to the firm. After reviewing Attorney Schaller's files, the firm determined that Attorney Schaller improperly converted a minimum of $4290.85 from payments made by various clients, which was not disclosed to the firm. Attorney Schaller admitted he retained funds in the amount of $4290.85 for his own personal use.

¶ 6. The OLR also alleged that by failing to report the $4290.85 he converted from the law firm as income on his federal and state income tax returns for the years in which the income was received, Attorney Schaller engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c). Attorney Schaller admitted that he did not report his receipt of the client funds on his income tax returns.

¶ 7. The OLR alleged that Attorney Schaller engaged in the practice of law on various occasions for at least 11 clients during the time his license was suspended between November 1, 2003, and February 18, 2004, due to his failure to pay bar dues, contrary to SCR 10:03(6)[2] and 20:8.4(f).[3] The complaint alleged that on

[2] SCR 10.03(6) provides:

(6) Penalty for nonpayment of dues. If the annual dues or assessments of any member remain unpaid 120 days after the payment is due, the membership of the member may be suspended in the manner provided in the bylaws; and no person whose membership is so suspended for nonpayment of dues or assessments may practice law during the period of the suspension.

[3] SCR 20:8.4(f) provides that it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme

October 2, 2003, Attorney Schaller signed a receipt for a certified letter from the Wisconsin State Bar notifying him that he had not yet paid his state bar dues for fiscal year 2004 and if his payment was not received by 5:00 p.m. on October 31, 2003, his license to practice law would be suspended. On November 5, 2003, by certified letter, the state bar notified Attorney Schaller that his license to practice law had been suspended effective October 31, 2003, for his failure to pay state bar dues. On November 10, 2003, Attorney Schaller signed a receipt for the certified letter from the Wisconsin State Bar.

¶ 8.  Attorney Schaller paid his outstanding bar dues on February 18, 2004, and his license was reinstated that same day. During the period of time his license was suspended between November 1, 2003, and February 18, 2004, Attorney Schaller engaged in the practice of law in at least 11 client matters.

¶ 9.  The referee made findings of fact and conclusions of law consistent with the complaint's allegations. The referee determined that there was no significant factual dispute because in his answer Attorney Schaller agreed with all of the OLR's factual assertions. The referee found that Attorney Schaller had been afforded numerous opportunities to avail himself of his day in court and failed to take advantage of the opportunities. The referee concluded that the repeated and intentional acts of conversion from his employer and clients, together with the substantial amount of money involved, violated his duties to his clients, colleagues, and the profession, thus warranting significant discipline. The referee also concluded that Attorney Schaller's

court order or supreme court decision regulating the conduct of lawyers."

70

conduct was somewhat mitigated by his willingness to acknowledge his wrongdoing but was aggravated by his failure to cooperate with the OLR and the referee.

¶ 10. The referee determined that Attorney Schaller's actions did not appear to reflect a lack of knowledge about proper procedure or ethics that may be ameliorated by continuing legal education alone. Rather, the referee found that his actions indicated that he intentionally appropriated property of his clients and his employer, and intentionally misrepresented his receipt of those funds to the government on his income tax returns. Accordingly, the referee concluded that although Attorney Schaller had not been formally disciplined previously, the severity of his misconduct and the implementation of his conversion scheme over time were aggravating factors. In addition, the referee concluded that his blatant disregard for the prior temporary suspension of his license indicated that he fails to appreciate the importance of the rules of professional conduct and the gravity of his misconduct.

¶ 11. A referee's findings of fact on a disciplinary matter will not be set aside unless clearly erroneous. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. We review conclusions of law de novo. *Id.* Although this court considers the referee's recommendations as to appropriate discipline, we do not accord them conclusive or great weight. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. It is this court's responsibility to determine appropriate discipline and in making that determination we may impose discipline more or less severe than recommended. *Id.*

¶ 12. We adopt the findings of fact and conclusions of law as set forth in the referee's report and addendum. We further agree that the seriousness of Attorney Schaller's misconduct warrants the recommended discipline. *See In re Disciplinary Proceedings Against Rihn,* 182 Wis. 2d 89, 513 N.W.2d 136 (1994).

¶ 13. IT IS ORDERED that the license of Attorney Lyle Paul Schaller to practice law in Wisconsin is suspended for a period of two years, effective June 9, 2006.

¶ 14. IT IS FURTHER ORDERED that Attorney Schaller comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 15. IT IS FURTHER ORDERED that Attorney Schaller pay restitution to his former law firm in the amount of $4290.85. If restitution is not made within 60 days from the date of this order, the license of Attorney Schaller to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney Schaller pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney Schaller to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 17. IT IS FURTHER ORDERED that during his time of suspension, Attorney Schaller shall attend continuing legal education courses approved by the Office of Lawyer Regulation. He is required to demonstrate an understanding of the seriousness of his misconduct as a

condition for reinstatement. If these conditions are not met, the license of Attorney Schaller to practice law in Wisconsin shall remain suspended until further order of this court.