# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2013AP1685-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Perry H. Friesler, Attorney at Law: |
| | |
| | Office of Lawyer Regulation, |
| | Complainant, |
| | v. |
| | Perry H. Friesler, |
| | Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST Friesler

| | |
|---|---|
| OPINION FILED: | December 26, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |
| | |
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |
| | |
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, C.J., concurs. (Opinion filed.) |
| DISSENTED: | |
| NOT PARTICIPATING: | |
| | |
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2013AP1685-D

STATE OF WISCONSIN          :     IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Perry H. Friesler, Attorney at Law:**

**Office of Lawyer Regulation,**                                    **FILED**

            **Complainant,**

                                                              **DEC 26, 2013**

      **v.**

                                                              Diane M. Fremgen
                                                          Clerk of Supreme Court
**Perry H. Friesler,**

            **Respondent.**

ATTORNEY disciplinary proceeding.  *Attorney's license revoked.*

¶1   PER CURIAM.   Attorney Perry H. Friesler has filed a petition for the consensual revocation of his license to practice law in Wisconsin pursuant to SCR 22.19.[1]   Attorney

---

[1] SCR 22.19 provides as follows:  Petition for consensual license revocation.

      (1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent or his or her license to practice law.

Friesler states in his petition that he cannot successfully defend against multiple allegations of misconduct in connection with two grievances that the Office of Lawyer Regulation (OLR) is currently investigating.

¶2 Attorney Friesler was admitted to the practice of law in 1968. His license is currently suspended for nonpayment of dues and failure to comply with trust account certification requirements.

---

(2) The petition shall state that the petitioner cannot successfully defend against the allegations of misconduct.

(3) If a complaint has not been filed, the petition shall be filed in the supreme court and shall include the director's summary of the misconduct allegations being investigated. Within 20 days after the date of filing of the petition, the director shall file in the supreme court a recommendation on the petition. Upon a showing of good cause, the supreme court may extend the time for filing a recommendation.

(4) If a complaint has been filed, the petition shall be filed in the supreme court and served on the director and on the referee to whom the proceeding has been assigned. Within 20 days after the filing of the petition, the director shall file in the supreme court a response in support of or in opposition to the petition and serve a copy on the referee. Upon a showing of good cause, the supreme court may extend the time for filing a response. The referee shall file a report and recommendation on the petition in the supreme court within 30 days after receipt of the director's response.

(5) The supreme court shall grant the petition and revoke the petitioner's license to practice law or deny the petition and remand the matter to the director or to the referee for further proceedings.

¶3 Attached to Attorney Friesler's petition for revocation is a summary of misconduct allegations in two matters that have not yet been fully investigated by the OLR. Both matters involved Attorney Friesler allegedly misappropriating funds belonging to an estate in which he served as personal representative and attorney. In one estate matter in Ozaukee County, the Estate of H.A.L., Attorney Friesler is alleged to have misappropriated $72,500 in estate funds. In another estate matter in Milwaukee County, the Estate of L.P., Attorney Friesler is alleged to have misappropriated approximately $105,250 in estate funds, although Attorney Friesler claims this amount should be offset by $17,860, the amount he invoiced the estate for fees. The OLR states that it is investigating claims that in both estate matters, Attorney Friesler engaged in misconduct involving dishonesty, deceit, or misrepresentation; committed trust account violations; and failed to act with reasonable diligence and promptness in representing his clients. See SCRs 20:8.4(c), 20:1.15(b) and (d), and 20:1.3.

¶4 Attorney Friesler's petition for consensual revocation states that he cannot successfully defend himself against the allegations of professional misconduct set forth in the OLR's summary of the matters being investigated. His petition asserts that he is seeking consensual revocation freely, voluntarily, and knowingly. Attorney Friesler states that he understands he is giving up his right to contest the OLR's allegations. Attorney Friesler is represented by counsel in this disciplinary matter.

3

¶5 The OLR has filed a recommendation on Attorney Friesler's petition for consensual license revocation. See SCR 22.19(3). The OLR states that revocation is warranted and necessary. The OLR's recommendation also contains a restitution request. The OLR states that Attorney Friesler should be ordered to pay restitution in the amount of $72,500 to the State Bar of Wisconsin Lawyers' Fund for Client Protection (the Fund), which has approved and paid a $72,500 reimbursement application filed by successor counsel for the Estate of H.A.L. Regarding the Estate of L.P., the OLR states that Attorney Friesler should be ordered to pay restitution to the estate in the amount of $105,250, less any offset for Attorney Friesler's fees which are determined to be properly chargeable to the estate. As stated above, Attorney Friesler claims entitlement to $17,860 in fees for his work on the Estate of L.P.

¶6 Having reviewed Attorney Friesler's petition, the OLR's summary of the matters it is investigating, and the OLR's recommendation on Attorney Friesler's petition, we accept Attorney Friesler's petition for the revocation of his license to practice law in Wisconsin. See SCRs 22.19(1), (2), and (5). The seriousness of Attorney Friesler's misconduct demonstrates the need to revoke his law license to protect the public, the courts, and the legal system from the repetition of misconduct; to impress upon Attorney Friesler the seriousness of his misconduct; and to deter other attorneys from engaging in similar misconduct. See In re Disciplinary Proceedings Against Arthur, 2005 WI 40, ¶78, 279 Wis. 2d 583, 694 N.W.2d 910.

¶7 Concerning restitution, we determine that Attorney Friesler should be required to pay $72,500 to the Fund in connection with the losses caused by his actions as personal representative of the Estate of H.A.L. We further determine that Attorney Friesler should be required to pay restitution to the Estate of L.P. in the minimum amount of $87,390. We direct the OLR and Attorney Friesler to confer and attempt to reach a stipulation within 30 days from the date of this order as to what amount of Attorney Friesler's $17,860 fee claim is properly chargeable to the Estate of L.P. If a stipulation cannot be reached, we order that as a condition of reinstatement of Attorney Friesler's license, Attorney Friesler shall furnish a complete accounting and prove that he has settled all claims related to the $17,860 potentially owed to the Estate of L.P. See SCR 22.29(4m) (a lawyer petitioning for reinstatement must prove that he or she has made restitution to or settled all claims of persons harmed by the lawyer's misconduct, or must explain the failure or inability to do so); see also In re Disciplinary Proceedings Against Mularski, 2010 WI 113, ¶¶35, 37, 329 Wis. 2d 273, 787 N.W.2d 834 (revoking attorney's license and requiring attorney to show he made full restitution to his clients at such time as he would seek reinstatement).

¶8 Because Attorney Friesler petitioned for the consensual revocation of his Wisconsin law license before the appointment of a referee, and because the OLR has not requested the imposition of costs, we do not assess the costs of this disciplinary proceeding against Attorney Friesler.

¶9  IT IS ORDERED that the petition for consensual license revocation is granted.

¶10  IT IS FURTHER ORDERED that the license of Perry H. Friesler to practice law in Wisconsin is revoked, effective the date of this order.

¶11  IT IS FURTHER ORDERED that within 60 days of the date of this order Perry H. Friesler shall pay restitution in the amount of $72,500 to the Wisconsin Lawyers' Fund for Client Protection and in the amount of $87,390 to the Estate of L.P.

¶12  IT IS FURTHER ORDERED that the Office of Lawyer Regulation and Perry H. Friesler shall confer and attempt to reach a stipulation within 30 days from the date of this order as to what amount of Perry H. Friesler's $17,860 fee claim is properly chargeable to the Estate of L.P.  If a stipulation cannot be reached, we order that as a condition of reinstatement of Perry H. Friesler's license, Perry H. Friesler shall furnish a complete accounting and prove that he has settled all claims related to the $17,860 potentially owed to the Estate of L.P.

¶13  IT IS FURTHER ORDERED that, to the extent he has not already done so, Perry H. Friesler shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶14  SHIRLEY S. ABRAHAMSON, C.J.  *(concurring).*  The court has not been advised whether any criminal prosecution has been undertaken.