# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2024AP244-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Kristin D. Lein, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Kristin D. Lein, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST LEIN

| | |
|---|---|
| OPINION FILED: | August 9, 2024 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per curiam.

| | |
|---|---|
| ATTORNEYS: | |

**2024 WI 34**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2024AP244-D

STATE OF WISCONSIN : IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Kristin D. Lein, Attorney at Law:

Office of Lawyer Regulation,

      Complainant,

    v.

Kristin D. Lein,

      Respondent.

**FILED**

AUG 9, 2024

Samuel A. Christensen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license revoked.*

¶1 PER CURIAM. The court has before it a report and recommendation filed on June 3, 2024, by Referee James D. Friedman. The report recommends that this court revoke the license of Attorney Kristin Debra Lein to practice law in Wisconsin for conduct related to her recent federal criminal conviction. The parties have stipulated that revocation is appropriate. We agree that revocation is appropriate and direct Attorney Lein to pay the costs of this proceeding, which total $659.17 as of July 25, 2024. In addition, consistent with the

parties' stipulation and the referee's report, we direct Attorney Lein to satisfy a restitution obligation imposed in the federal judgment of conviction.

¶2 Attorney Lein was licensed to practice law in Wisconsin on December 17, 1998. This court summarily suspended her Wisconsin law license on December 12, 2023, due to her federal criminal conviction, described more fully below. Her license remains suspended.

¶3 On May 23, 2023, the United States Attorney for the Western District of Wisconsin filed an Information charging Attorney Lein with three criminal counts related to her misappropriation of funds from an estate. The Information alleged that Attorney Lein had drafted estate planning documents for an individual, J.S., and was the sole trustee of J.S.'s estate upon J.S.'s death. The Information further alleged that Attorney Lein received $1,643,818 in funds belonging to the estate and used the vast majority of those funds for her own purposes. The Information further alleged that Attorney Lein knowingly failed to report funds she transferred from J.S.'s estate to her personal bank account on her federal income taxes. The Information charged Attorney Lein with wire fraud, engaging in a monetary transaction in property derived from a specified unlawful activity, and tax fraud.

¶4 On the same day the Information was filed, Attorney Lein and the United States filed a plea agreement in which Attorney Lein pled guilty to all three counts and agreed that the factual basis of the Information was true.

2

¶5 On September 7, 2023, the federal district court accepted the plea agreement and sentenced Attorney Lein to 45 months in prison for two counts and 36 months on the third. The court ordered Attorney Lein to pay $1,369,491 to J.S.'s wife, B.T., or, in the event of B.T.'s death, to J.S.'s daughters, D.G. and M.R., in equal amounts. The court also ordered Attorney Lein to pay $239,641.56 in restitution to the Internal Revenue Service (IRS).

¶6 Attorney Lein's criminal conviction formed the basis for this court's December 12, 2023 order summarily suspending her license to practice law, as well as for the Office of Lawyer Regulation's (OLR) ensuing disciplinary complaint filed on February 12, 2024, alleging one count of violating SCR 20:8.4(b)[1] and one count of violating SCR 20:8.4(c).[2] The OLR sought revocation of Attorney Lein's law license and a restitution award consistent with that ordered by the federal district court related to her misconduct toward J.S.'s estate; i.e., $1,369,491 to J.S.'s wife, B.T., or, in the event of B.T.'s death, to J.S.'s daughters, D.G. and M.R., in equal amounts.[3]

---

[1] SCR 20:8.4(b) provides that "[i]t is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

[2] SCR 20:8.4(c) provides that "[i]t is professional misconduct for a lawyer to: . . . (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] In the factual allegation section of its complaint, the OLR stated that the federal district court ordered Attorney Lein to pay $1,609,132.56 in restitution related to her misconduct toward J.S.'s estate. This appears to have been a typographical

3

¶7 On March 13, 2024, this court appointed James D. Friedman as the referee in this matter.

¶8 On March 19, 2024, Attorney Lein filed an answer to the OLR's complaint, admitting all essential allegations and clarifying her understanding of the amount of restitution sought by the OLR.

¶9 On May 30, 2024, the OLR and Attorney Lein filed a stipulation. In the stipulation, Attorney Lein stipulated to the two counts of misconduct alleged in the complaint and to the revocation of her Wisconsin law license. Attorney Lein also stipulated to this court requiring her to satisfy the restitution obligation set forth in the federal judgment of conviction with respect to her misconduct towards J.S.'s estate. Attorney Lein also agreed that the referee could use the allegations of the disciplinary complaint as an adequate factual basis for a determination of misconduct as to both counts of the complaint.

¶10 The referee filed a report on June 3, 2024. On the basis of the stipulation, the referee found as facts the

---

error; $1,609,132.56 is the total amount of restitution ordered by the federal court, encompassing both the restitution owed by Attorney Lein related to her misconduct toward J.S.'s estate ($1,369,491) and the restitution she owed to the IRS resulting from her failure to report misappropriated funds on her federal income taxes ($239,641.56). In the request for relief section of the complaint, the OLR accurately cited and requested the $1,369,491 in restitution ordered by the federal court related to Attorney Lein's misconduct toward J.S.'s estate.

allegations of the complaint.[4] The referee concluded that Attorney Lein had violated SCR 20:8.4(b) and (c), as alleged. The referee recommended the license revocation and the restitution obligation agreed upon by the parties. Finally, the referee recommended that the court order Attorney Lein to pay the costs of the disciplinary proceeding.

¶11 The matter is now before this court to review the referee's report and recommendation. No appeal has been filed.

¶12 A referee's findings of fact are affirmed unless clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit, regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶13 Given the parties' stipulation to the facts described above and the absence of any argument that the referee's factual findings are clearly erroneous, we adopt them. We also agree with the referee's conclusions of law that Attorney Lein violated the two supreme court rules set forth above. Attorney Lein's million-dollar-plus embezzlement from J.S.'s estate and related tax improprieties amount to an obvious SCR 20:8.4(b) violation; i.e., her conduct "is so revealing of character

---

[4] The referee noted a typographical error in the OLR's complaint related to the amount of funds Attorney Lein misappropriated from J.S.'s estate, as determined by the federal district court. See n.3.

5

defects, and so undermines public confidence in the legal profession, that it necessarily reflects adversely on an attorney's fitness as a lawyer." In re Disciplinary Proceedings against Johns, 2014 WI 32, ¶38, 353 Wis. 2d 746, 847 N.W.2d 179. So, too, is it dishonest conduct within the scope of SCR 20:8.4(c). In re Disciplinary Proceedings Against Schaller, 2006 WI 40, 290 Wis.2d 65, 713 N.W.2d 105 (holding that attorney violated SCR 20:8.4(c) by improperly converting payments made by various clients and failing to report those funds as income on his income tax returns).

¶14 With respect to discipline, we agree with the referee's observation that revocation is appropriate. The seriousness, scope, and sheer audacity of the misconduct at issue evince an attorney who lost her way and was unable or unwilling to adhere to her professional duties. Revocation is the only sanction proportionate to Attorney Lein's wrongdoing; anything else would unduly minimize its gravity, as the size of her misappropriations dwarfs those that have earned revocation in the past. See, e.g., In re Disciplinary Proceedings Against Friesler, 2013 WI 104, 351 Wis. 2d 733, 840 N.W.2d 692 (granting consensual revocation petition involving allegations that attorney misappropriated a total of approximately $180,000 from two estates); Matter of Disciplinary Proceedings Against Pigatti, 207 Wis. 2d 41, 558 N.W.2d 626 (1997)(granting consensual revocation petition involving allegations that attorney misappropriated more than $80,000 belonging to an estate in which he was acting as attorney, disbursed $80,000

from a testamentary trust contrary to the terms of the will creating the trust, and failed to keep the personal representative of the estate informed of actions taken with probate and trust funds); In re Disciplinary Proceedings Against Wright, 180 Wis. 2d 492, 509 N.W.2d 290 (1994) (revoking license of attorney who converted about $11,000 from an estate).

¶15 In addition, consistent with the parties' stipulation and the referee's recommendation, we order Attorney Lein to satisfy the restitution obligation set forth in the federal judgment of conviction with respect to her misconduct toward J.S.'s estate ($1,369,491 to J.S.'s wife or, in the event of her death, to J.S.'s daughters, D.G. and M.R., in equal amounts).

¶16 Finally, we turn to the issue of costs. They total $659.17 as of July 25, 2024. Attorney Lein does not dispute them, and we see no reason on this record to shift them away from her. We impose them in full. See SCR 22.24(1m).

¶17 IT IS ORDERED that the license of Kristin Debra Lein to practice law in Wisconsin is revoked, effective the date of this order.

¶18 IT IS FURTHER ORDERED that Kristin Debra Lein shall satisfy the restitution obligation set forth in the federal judgment of conviction with respect to her misconduct toward J.S.'s estate ($1,369,491 to J.S.'s wife, B.T., or, in the event of her death, to J.S.'s daughters, D.G. and M.R., in equal amounts).

¶19 IT IS FURTHER ORDERED that, within 60 days of the date of this order, Kristin Debra Lein shall pay to the Office of

Lawyer Regulation the costs of this proceeding, which are $659.17 as of July 25, 2024.

¶20 IT IS FURTHER ORDERED that, to the extent she has not already done so, Kristin Debra Lein shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶21 ANNETTE KINGSLAND ZIEGLER, C.J. *(concurring).* I concur in the court's order revoking Attorney Lein's license to practice law in Wisconsin. I write separately to point out that in Wisconsin the "revocation" of an attorney's law license is not truly revocation because the attorney may petition for reinstatement after a period of five years. See SCR 22.29(2). I believe that when it comes to lawyer discipline, courts should say what they mean and mean what they say. We should not be creating false perceptions to both the public and to the lawyer seeking to practice law again. See In re Disciplinary Proceedings Against Moodie, 2020 WI 39, 391 Wis. 2d 196, 942 N.W.2d 302 (Ziegler, J., dissenting). And, as I stated in my dissent to this court's order denying Rule Petition 19-10, In the Matter of Amending Supreme Court Rules Pertaining to Permanent Revocation of a License to Practice Law in Attorney Disciplinary Proceedings, I believe there may be rare and unusual cases that would warrant the permanent revocation of an attorney's license to practice law. See S. Ct. Order 19-10 (issued Dec. 18, 2019) (Ziegler, J., dissenting).

¶22 For the foregoing reason, I concur.

¶23 I am authorized to state that Justices REBECCA GRASSL BRADLEY, BRIAN HAGEDORN, and JILL J. KAROFSKY join this concurrence.